UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. A-11-CR-360-SS |
| | ) | |
| | ) | |
| **RUBEN FLORES, ET AL.** | ) | |

### GOVERNMENT'S EX PARTE APPLICATION FOR RULES GOVERNING THE DISCLOSURE OF THE PRESENTENCE INVESTIGATION REPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and files this request to provide rules governing the disclosure of the Pre-Sentence Investigation Report in the instant case. This request is due to the nature of the Texas Mexican Mafia (TMM) organization which requires violent retribution against those believed to violate TMM rules (highlighted by the murder of Walter Capello at the inception of the wire interception in the instant case).

The TMM has a history of gathering witness interviews, discovery packets, PSI's, and other law enforcement related documents as a way of determining who is cooperating or which individuals have otherwise violated the TMM rules. This information, once obtained, is copied and sent to other members of the TMM so that they can act on it, normally through violent retribution. In the instant case, the investigation evidenced several instances of the misuse of such information:

1) Patrick Cruz had discovery materials in his car which pertained to TMM members who had been indicted by the state for the murder of Walter Capello.

2)   Defendants in this case had a DPS debriefing report which had been disclosed in a San Antonio prosecution. Given the location of this debriefing report (in a different city than the prosecution) it was obviously misused to inform TMM members across the state of the cooperation of this San Antonio TMM member. Although this report was found in David Torres' residence, a fingerprint analysis revealed that this document bore TMM Captain Ruben Flores' fingerprint.

3)   During the search warrants in the instant case, written materials were seized which indicated the names of individuals in prison whom the TMM believed had cooperated in previous cases.

4)   One of the former defense attorneys in the instant case provided a disk containing the sealed wiretap conversations and other discovery information to a family member of their client. That attorney claimed ignorance of why this would pose a problem. Following this disclosure, another TMM defendant sought to obtain this attorney for himself which demonstrated his desire to also have control over these documents.

In addition, the debriefing of TMM members has indicated that when a TMM member reaches prison, that a copy of that member's PSI is one of the first items that will be requested by other TMM members in that prison. This is so the TMM can try to determine if that individual cooperated or whether the PSI can help them to determine who else may have cooperated against the TMM.

Clearly, the purpose of a PSI is not to provide a means for the TMM to violently retaliate against others. The United States has tried to balance the competing concerns of making sure the PSI is disclosed to each defendant without providing a means for the TMM to retaliate against others. Based on this balancing the United States respectfully requests that:

2

All defense attorneys who are provided a copy of their client's PSI shall disclose the PSI to their client and ensure that the client has a full opportunity to read the PSI in their presence. The defense attorneys shall ensure that when these communications are shared with their clients that no copies will be left at the jail or will be allowed to leave the attorney's office with defendants, family members or other associates where such copies would be subject to being shared with outside individuals. The attorneys shall further notify their clients of the limitations placed on the disclosure of such information.

This Order will also help protect these attorneys from being pressured to be a party to the improper disclosure of the information.

Wherefore, premises considered, the United States prays that the government's motion for rules governing the disclosure of the PSI be granted.

Respectfully submitted,

JOHN E. MURPHY
ACTING UNITED STATES ATTORNEY

By: /s/ Elizabeth Cottingham
ELIZABETH COTTINGHAM
Assistant U.S. Attorney
816 Congress Ave., Suite 1000
Austin, Texas 78701
(512)916-5858 (FAX) 916-5854
State Bar No. 04865500